[Crim. No. 13068.   Second Dist., Div. One.   Dec. 5, 1967.]

THE PEOPLE, Plaintiff and Respondent, v. GEORGE M. SWEETING, Defendant and Appellant.

Joseph A. Dubiel, under appointment by the Court of Appeal, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, Elizabeth Miller and Mark W. Jordan, Deputy Attorneys General, for Plaintiff and Respondent.

FOURT, J.—This is a purported appeal from a judgment and an appeal from an order denying a motion for a new trial.

In an information filed in Los Angeles on April 22, 1966, defendant was charged with possessing heroin on February 21, 1966. Defendant pleaded not guilty. It was stipulated that the cause be submitted on the testimony contained in the transcript of the proceedings had at the preliminary hearing. The prosecution presented additional evidence at the trial. Defendant was found guilty as charged. A motion for a new trial was denied. Criminal proceedings were adjourned for it was determined that defendant was an addict or by reason of repeated use of narcotics was in imminent danger of becoming addicted to narcotics. It was directed that a petition be filed in department 95 pursuant to the provisions of section 3051, Welfare and Institutions Code. The appeal, timely filed, is from a nonexistent judgment and from the order denying the motion for a new trial.

A résumé of some of the facts is as follows: Officers Dorrell and Fesler of the narcotics division of the Los Angeles Police Department were qualified experts in the field of narcotics activities in Los Angeles. Officer Dorrell received information that defendant was living at 330 Witmer Street, Los Angeles, in apartment 209. The officers, in the course of a narcotics investigation, proceeded to the address mentioned. As Officer Dorrell approached the door of apartment 209, Officer Fesler was outside the building in the area of a bathroom window in apartment 209. Officer Dorrell knocked on the door of the apartment and defendant made inquiry from the inside of the apartment as to who was there and Officer Dorrell answered, "police." A short interval of time intervened between the

time Officer Dorrell said "police" and when defendant opened the door. Officer Fesler while on the ground outside the building during this period saw a paper bindle float from the bathroom window of apartment 209. Officer Fesler picked up the bindle which contained powder resembling heroin. Officer Dorrell went into the apartment to talk with defendant. No one else was in the apartment. Officer Fesler then came into the apartment and defendant was placed under arrest. Officer Dorrell advised defendant of his constitutional rights. Officer Dorrell observed what appeared to be nine hypodermic needle marks in one vein location and over another vein he saw six scars which appeared to have been caused by hypodermic needle injections. It was the officer's belief and opinion that the recent scabs viewed were from the injection of narcotics. Officer Fesler found several pieces of a toy balloon in the toilet at the apartment and on the floor were newspapers with reddish splotches on them and several portions of balloons knotted on one side and cut on the other. Heroin is frequently packaged in paper bindles (such as the one which came out of the bathroom window when Officer Fesler was outside the building), and also in small balloons which contain about a half-gram of heroin. It is ordinary procedure for a purchaser of a balloon with heroin in it to cut one end of the balloon and pour out the contents when he prepares to inject it. The powdery substance in the bindle contained heroin.

Defendant testified that he did not admit the officer into the apartment, that the officer was already inside the first time he was observed; that he (defendant) was alone at the time in question, and that when he heard the knock on the door he went into the bathroom.

It is interesting to note that defendant was never asked, nor did he testify, as to whether the heroin which came out of the bathroom window was his.

■ Appellant now contends that the identity of the informer who first told the officers of appellant's location should have been disclosed and that there was not probable cause to make an arrest.

The officers, of course, had the right to investigate. That was what was being done at the time and Officer Fesler saw what later appeared to him to be heroin being tossed out of the bathroom window of appellant's apartment. Certainly under the circumstances it was reasonable to assume that appellant was the person who threw out the heroin—indeed,

he never testified that he did not do so. He did testify that he went to the bathroom upon hearing the knock on the door.

To be informed of the identity of the informer would not assist appellant one iota in this case. Appellant was arrested not because of what the informer may have said but because of the heroin coming out of the window.

The purported appeal from the nonexistent judgment is dismissed.

The order denying a motion for a new trial is affirmed.

Wood, P. J., and Lillie, J., concurred.